**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NATHANIEL TURNER, JR., ) | No. CV 00-0018-PCT-SMM |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| MASTERSON, et al., ) | |
| Defendants. ) | |

Before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule Civil Procedure 41(b) (Doc. #79). Plaintiff did not respond. The Court will grant Defendant's motion and terminate the action.

**I.  Background**

Plaintiff's claims arose during his confinement in CB6 at the Arizona State Prison Complex-Florence (Doc. #9). The only remaining Defendant is Officer Bobby Kirkham, whom Plaintiff alleges acted with deliberate indifference when he used small handcuffs on Plaintiff despite that fact that Plaintiff notified him of a medical order calling for only large restraints to be used (id.).[1] The Court granted summary judgment for Kirkham (Doc. #33), but Plaintiff appealed that Order to the Ninth Circuit (Doc. #35). On April 3, 2003, the Ninth Circuit reversed the grant of summary judgment for Kirkham and remanded the case to the

---

[1] Upon screening, the Court dismissed Defendant Masterson (Doc. #10). Defendant Bargard was dismissed for lack of service (Doc. #32). Defendants Masterson and Terry were dismissed on summary judgment (id.), and their dismissals were affirmed (Doc. #38).

district court (Doc. #38).

Kirkham filed an Answer to the First Amended Complaint (Doc. #52). On March 7, 2005, Kirkham moved for summary judgment (Doc. #58). Plaintiff filed a response (Doc. #61), and then the Court granted the motion and entered judgment (Doc. ##63-64). Shortly thereafter, on August 23, 2005, Plaintiff filed his Notice of Appeal (Doc. #65). In December 2007, the Ninth Circuit remanded the matter back to the district court (Doc. #76). The copy of the Ninth Circuit's Mandate that was sent to Plaintiff was returned in the mail for the reason that he was no longer in custody (Doc. #77).

On May 23, 2008, Kirkham filed his Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute (Doc. #79). Kirkham argues that Plaintiff has failed to notify the Court of his address since September 2006, despite his knowledge of the requirement to keep the Court apprised of his address (id. at 3). Kirkham submits that this demonstrates that Plaintiff is not prosecuting this action and it should therefore be dismissed (id.).

Plaintiff did not respond. Since the filing of Kirkham's motion in May 2008, there has been no activity in this case.

**II.     Federal Rule of Civil Procedure 41(b)**

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action, or part thereof, if a plaintiff "fails to prosecute or to comply with these rules or a court order." Unless otherwise specified, the dismissal acts as an adjudication on the merits. Fed. R. Civ. P. 41(b). District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991).

The Ninth Circuit allows dismissal under Rule 41(b) only after the district court has weighed the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Thompson v. Hous. Auth. of the City of L.A., 782 F.2d

1   829, 831 (9th Cir. 1986), cert denied, 479 U.S. 829 (1986).

2   Here, the first three factors weigh in favor of dismissal.  Kirkham submits that, according to the Arizona Department of Correction's inmate data search website, Plaintiff was released from community supervision in September 2006, and since that date, has failed to notify the Court or Kirkham of his change of address (Doc. #79 at 3).  Plaintiff was warned of his obligation to keep the Court apprised of his address (see Doc. ##2, 7, 10).  Furthermore, the record shows that Plaintiff was aware of this requirement, as he has previously filed numerous Notices of Change of Address (Doc. ##19, 26, 30, 34, 39).  But since his appeal to the Ninth Circuit and that Court's Mandate, Plaintiff has not notified the Court of his whereabouts (see Doc. #74,  April 24, 2007Order appointing pro bono amicus curiae counsel because Plaintiff failed to inform the appellate court of his address and attempts to locate Plaintiff failed; Doc. #76, December 17, 2007 Mandate).  Plaintiff's failure to keep the Court apprised of his address undermines the public's interest in expeditious resolution of litigation.

15  The Court's need to manage its docket is best served by dismissal.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992), cert denied, 506 U.S. 915 (1992) (public's interest in expeditious resolution of litigation and court's need to manage its docket generally supports court's decision to dismiss).  This 2000 case has been pending in the district court since remand for almost one year with no activity or notice from Plaintiff.  His failure to file a notice of change of address or indicate any intent to prosecute this action is sufficient grounds for the Court to dismiss under Rule 41(b).  Also, there is no risk of prejudice to Defendant to resolve the motion in his favor.

23  The fourth factor, which favors disposition of cases on their merits, rarely supports dismissal.  But the fifth factor weighs in favor of dismissal.  The Court "need not exhaust every sanction short of dismissal before finally dismissing a case." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).  The Court repeatedly advised Plaintiff that failure to file a Notice of Change of Address may result in dismissal of the action (Doc. ##2, 7, 10).  These warnings are sufficient to show that the Court considered less drastic alternatives.  See

1  Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d at 1424.

2      In conclusion, four of the five factors support dismissal of the action for Plaintiff's
3  failure to notify the Court of his address and failure to prosecute. Kirkham's motion will be
4  granted, and the action will be dismissed.

5      **IT IS ORDERED** that Defendant Kirkham's Motion to Dismiss (Doc. #79) is
6  **GRANTED**.

7      **IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice and
8  the Clerk of Court must enter judgment accordingly.

9      DATED this 22nd day of October, 2008.

Stephen M. McNamee
United States District Judge